IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER HILTY, | : | CIVIL ACTION - LAW |
| Plaintiff, | : | NO: 2:20-cv-1804 |
| v. | : | |
| ALLSTAR THERAPIES, INC., | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**COMPLAINT**

AND NOW, comes the Plaintiff, Jennifer Hilty, by and through her counsel, Susan N. Williams, Esquire, of Williams Law Offices, and files the herein Complaint, averring as follows:

**I. INTRODUCTION**

1.   This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. § 2000e et. seq.] ("Title VII") and the Pennsylvania Human Relations Act [43 P.S. § 955 et seq.] ("PHRA"). Plaintiff alleges that she was required to conceal her sexual orientation, while her heterosexual co-workers were not and was disciplined for failing to conform to this requirement; she was also monitored and scrutinized more so than her heterosexual co-workers and disciplined for standard practices for which her heterosexual co-workers were not disciplined; and was disciplined in retaliation for complaining of discrimination and retaliation.

**II. JURISDICTION AND VENUE**

2.   This Court is permitted to maintain personal jurisdiction over the Defendant because its contacts with the Commonwealth and this judicial district are sufficient to meet the minimum requirements necessary to satisfy the notions of fair play and justice established by the

8

United States Supreme Court in *International Shoe Company v. Washington*, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Western District of Pennsylvania has federal question jurisdiction over this case because alleged violations of the Title VII arise under the laws of the United States.  28 U.S.C. § 1331.

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) as the Defendant resides within the district and a substantial part of the events and occurrences described herein took place within the district.

### III. PARTIES

5. Plaintiff, Jennifer Hilty ("Ms. Hilty"), is an adult individual currently residing at 11508 Drop Road, Irwin, Westmoreland County, Commonwealth of Pennsylvania.

6. Defendant, Allstar Therapies, Inc., is an organization incorporated under the laws of the Commonwealth of Pennsylvania, with a mailing address of 2030 Ader Road, Penn Township, Westmoreland County, Commonwealth of Pennsylvania.

### IV. FACTUAL BACKGROUND

7. The averments of paragraphs 1 through 6 are incorporated by reference as if more fully set forth herein.

8. Ms. Hilty was hired by the defendant as a physical therapy assistant ("PTA") on or about February 11, 2008.

9. Ms. Hilty informed Rehab Manager, Shelley Meyers, of her same-sex relationship with her female coworker, Rachel Brown, on, or about March, 2017.

10. Shortly thereafter, Ms. Hilty began to be treated differently than her heterosexual coworkers.

11. Ms. Hilty was specifically directed to avoid all physical contact and displays of affection with Ms. Brown.

12. Ms. Hilty's heterosexual co-workers were permitted to engage in such interactions with their spouses.

13. Since disclosing her same-sex relationship, Ms. Hilty has not received a raise while her heterosexual coworkers have.

14. Ms. Hilty's requests for time off were more frequently refused since the disclosure, regardless of how far in advance she gave notice or staff coverage.

15. Furthermore, Ms. Hilty was subject to additional requirements that her heterosexual coworkers were not, such as the stipulation that she work additional weekends to "make-up" for any vacation time that was approved.

16. On 7/24/2019, Ms. Meyers and Director of Operations, Beth Houpt, disciplined Ms. Hilty for standard procedures that were practiced by all of the PTA staff, informed her that she was to be separated from Ms. Brown at work effective immediately, and threatened to move one of them to another facility.

17. None of her heterosexual coworkers were disciplined for the same practices.

18. On 7/26/2019, Ms. Meyers yelled at Ms. Brown in front of staff and patients, saying "people like YOU need monitored!" before throwing a tray table against a wall near the area where Ms. Hilty was treating a patient.

19. Ms. Hilty submitted a complaint of discrimination to HR Director, Ashley Neiderhiser, via phone and email on 7/26/2019, alleging that Ms. Meyers and Ms. Houpt had discriminated against her for being gay and were causing a hostile work environment.

20. On 7/31/19 Mr. Kubistek informed Ms. Hilty that he had reviewed her discrimination complaint and determined that there was no evidence of discrimination before discussing the 7/24/19 discipline, at which point he suggested that Ms. Brown's and Ms. Hilty's lifestyle is inappropriate and that they should not discuss their homelife in front of patients.

21. In response, Ms. Hilty voiced her concern that this was further discrimination.

22. On 8/11/19, Mr. Kubistek informed Ms. Hilty by email that her employment was suspended pending further investigation due to "information that has been received regarding actions that took place on Saturday, July 27, 2019" while she and Ms. Brown were working at Westmoreland Manor.

23. Mr. Kubistek accused Ms. Hilty of a safety violation despite her having taken more precautions than what the particular patient required and accused her of "possibly" stealing.

24. Ms. Hilty denied both accusations and indicated that this unwarranted scrutiny and unpaid suspension immediately after making her complaint was retaliation.

25. Ms. Hilty received a verbal warning for the alleged "safety concern" and was returned to work with pay on 8/15/19.

26. Ms. Hilty dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC"), alleging violations of Title VII of the Civil Rights act of 1964 ("Title VII"), and Pennsylvania Human Relations Act ("PHRA").

27. The EEOC issued a Notice of Right to Sue on August 21, 2020.

## V. COUNT 1:
## RETALIATION IN VIOLATION OF TITLE VII

28. The averments of paragraphs 7 through 27 are incorporated by reference as if more fully set forth herein.

29. Ms. Hilty is a member of a protested class.

30. As such, she is entitled to the protections of Title VII.

31. Ms. Hilty engaged in a protected activity when she made a complaint to HR Director, Ashley Neiderhiser.

32. The Defendant took a materially adverse action against Ms. Hilty because of her protected activity; specifically, once the Defendant learned that Ms. Hilty had filed a complaint, she was subjected to unwarranted scrutiny and unpaid suspension.

33. The materially adverse action taken by the Defendant was made with reckless disregard of Plaintiff's rights under Title VII.

34. As such, the Defendant's violation is willful.

WHEREFORE, Ms. Hilty requests relief as appropriate under 29 U.S.C. § 626(b), (c), including but not limited to compensatory damages, liquidated damages, reasonable attorney's fees, and reasonable costs.

## VI. COUNT 2:
## Title VII-DISCRIMINATION

35. The averments of Paragraphs 7 through 27 are incorporated by reference as if set forth more fully herein.

36. Ms. Hilty suffered discrimination and retaliation on the basis of her sex in the following ways:

    a. Ms. Hilty was required to conceal her sexual orientation, while her heterosexual co-workers were not and was disciplined for failing conform to this requirement;

    b. she was monitored and scrutinized more so than her heterosexual co-workers;

    c. she was disciplined for standard practices for which her heterosexual co-workers were not disciplined;

    d. she was disciplined in retaliation for complaining of discrimination and retaliation.

  37. This discrimination on the Defendant's part was with willful and intentional disregard for Plaintiff's rights under Title VII.

  WHEREFORE, Plaintiff requests relief as is appropriate including, but not limited to back pay, front pay, compensatory damages, punitive damages, pre- and post-judgment interest, reasonable attorney's fees, and costs.

### VII. COUNT 3:
### PHRA-Sex Discrimination

  38. The averments of Paragraphs 7 through 27 and 28 through 30 are incorporated by reference as if set forth more fully herein.

  39. Claims raised under the PHRA are interpreted in line with claims raised under Title VII. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

  40. Accordingly, Ms. Hilty's discrimination and retaliation claims raised under Title VII are alleged similarly under the PHRA.

  WHEREFORE, Plaintiff is entitled to affirmative relief including, but not limited to back pay, front pay, pre- and post-judgment interest, compensatory damages, punitive damages, reasonable attorney's fees and costs.

                Respectfully Submitted,

                *s/Susan N. Williams, Esq.*
                Susan N. Williams, Esquire
                Pa I.D. 40077
                Williams Law Offices
                101 North Main St., Suite 104B
                Greensburg, PA 15601
                (724) 838-8110
                (724) 838-8115 (fax)
                snwilliams@snwilliamslaw.com
                *Attorney for Plaintiff*