IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER HILTY, | **ELECTRONICALLY FILED** |
| Plaintiff, | No. 2:20-cv-01804-RJC |
| v. | Judge Robert J. Colville |
| ALLSTAR THERAPIES, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

## DEFENDANT'S BRIEF OPPOSING PLAINTIFF'S MOTION TO STAY

### I.      Introduction

Plaintiff Jennifer Hilty ("Hilty") seeks to halt her employment discrimination litigation against Defendant Allstar Therapies, Inc. ("Allstar") because her spouse, Rachel Brown ("Brown") awaits a right-to-sue letter from the EEOC.  Hilty and Brown both worked for Allstar and allege that Allstar discriminated against them due to their sexual orientation.  But this surface level similarity does not justify granting Hilty's motion to stay.  All four factors that district courts in this circuit follow when weighing whether to stay a case favor denying Hilty's motion.  Hilty also failed to explain how denying her motion would prejudice her.  Hilty's motion to stay should be denied.

### II.      Legal Standard

"The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication."  United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994).  But "efficiency does not, by itself, allow a federal court to refuse to exercise its jurisdiction in favor of proceedings in an alternative forum."  CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 135–36 (3d Cir. 2004).  "In determining whether to grant a motion to stay, courts should consider: (1) the length of the requested stay; (2) the hardship or

inequity that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy." Structural Grp., Inc. v. Liberty Mut. Ins. Co., No. Civ.A 1:07-CV-01793, 2008 WL 4616843, at *5 (M.D. Pa. Oct. 16, 2008).  The Supreme Court of the United States ("Supreme Court") requires litigants seeking a stay to allege that a denial of the motion will harm them or be unfair.  Landis v. N. Am. Co., 299 U.S. 248, 255 (1936).  The United States Court of Appeals for the Third Circuit ("Third Circuit") recognizes that "[a] stay is an extraordinary measure" that requires "compelling reasons for its issuance." Breyer, 41 F.3d at 893.

### III.   Argument

The Court, after weighing the four stay factors, should deny Hilty's motion.  Regarding factor one, the length of the stay, Hilty does not specify a time period for the requested stay. (ECF No. 17.)  She instead asks that the stay last until the Equal Employment Opportunity Commission ("EEOC") issues a notice of determination and right to sue letter in a proceeding filed by her former coworker and current spouse, Brown.  (Id. pp. 1–2.)  Allstar terminated Brown on October 16, 2019, after which Brown filed an EEOC charge alleging that Allstar fired her in retaliation for a previous EEOC charge she filed.  (Id. ¶¶ 1–3.)

Brown does not necessarily need to wait for the EEOC to issue a determination in her case.  If 180 days have passed since she filed her EEOC charge, she "may elect to circumvent the EEOC procedures and seek relief through a private enforcement action in a district court." Occidental Life Ins. Co. of Cal. v. EEOC, 432 U.S. 355, 361 (1977).  In fact, if Brown requests a right to sue letter following 180 days from lodging her EEOC charge, the EEOC must issue the letter.  Churchill v. Star Enterprises, 183 F.3d 184, 191 (3d Cir. 1999).  The Court has no reason to stay this case and passively wait for the EEOC to issue Brown a right to sue letter when she

could request one herself.  The indefinite length of Hilty's requested stay favors denying her motion.

As to factor two, Hilty has failed to allege the hardship or inequity she would be subjected to if this case proceeded without granting her stay.  She instead couches her stay motion on convenience and judicial economy as "the witnesses in each of the cases will be substantially the same, as will the factual situation."  (ECF No. 17 ¶ 5.)  Hilty's failure to explain the harm to her that will result if the motion to stay is denied should preclude the Court from granting it.  Landis, 299 U.S. at 255; Breyer, 41 F.3d at 893.  Factor two favors denying Hilty's motion.

Under factor three, staying this case will injure Allstar, the non-movant.  Hilty's indefinite stay request, if granted, could prevent the Parties from commencing discovery for months.  Many of the events referenced in Hilty's complaint occurred in the summer of 2019, if not before.  (ECF No. 1 ¶¶ 9–25.)  Witnesses' memories of these alleged events and their workplace interactions with Hilty will fade with time, lowering the quality of evidence Allstar can obtain to rebut Hilty's allegations.  Considering that Hilty did not explain how not staying this case would harm her, factor three favors denying the stay.

Despite factor four's focus on judicial economy, this factor does not favor Hilty.  Hilty's motion to stay is based on her assertion that the witnesses and fact pattern in her case and Brown's case are the same or substantially the same.  (ECF No. 17 ¶ 5.)  Hilty neglects to explain these similarities in her motion.  (Id.)  Allstar expects that Hilty and Brown will be witnesses in each other's cases.  This does not mean that they need to be deposed twice.  Allstar, Hilty, and Brown could agree to conduct one deposition for each witness with knowledge of common facts regarding their employment with Allstar.  This would achieve the judicial

3

economy Hilty seeks without unduly delaying Allstar from obtaining testimonial evidence from witnesses.  As Hilty and Brown have the same counsel, it should not be difficult for Allstar to work with them to complete discovery efficiently.  (Id.)

Allstar disagrees that the facts in Hilty's and Brown's cases are substantially the same. Hilty and Brown have different disciplinary histories.  Most notably, Hilty voluntarily quit her employment with Allstar; Brown was fired.  (ECF No. 8 ¶¶ 58–60.)  Hilty does not explain how issuing a stay will simplify the issues in her case.  Factor four favors denying Hilty's motion to stay.

If Hilty seeks a stay so she may later consolidate her case with the case that may be filed by Brown if the EEOC issues Brown a right-to-sue notice, Allstar intends to oppose any request for consolidation.  Hilty's and Brown's matters do not meet the requirements for consolidation, which Allstar will address in greater detail if a motion to consolidate is filed.

## IV.    Conclusion

All four motion-to-stay factors weigh in favor of denying Hilty's motion.  The Court should not wait for an indefinite period of time for the EEOC to issue a right to sue letter to Brown.  This would interfere with Allstar obtaining fresher testimonies from witnesses.  Hilty also failed to explain how a denial of her stay motion would harm her or be unfair.  Neither the Court nor Allstar should have to speculate in order to fill in the gaps of Hilty's motion to stay. Finally, a stay is not necessary to promote judicial economy and simplify issues.  Instead, the Parties could simply agree to take one deposition per each witness common to Brown's and Hilty's cases.  Hilty does not explain how her case will be simplified by waiting for the EEOC to issue Brown a right to sue letter.  The Court should deny Hilty's motion to stay.

Respectfully submitted,

**MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C.**

Date: March 8, 2021          By:          /s/ *Bernard P. Matthews, Jr.*
**BERNARD P. MATTHEWS, JR., ESQ.**
Pa. I.D. #54880
bmatthews@mdbbe.com
**ALEXANDER W. BROWN, ESQ.**
Pa. I.D. #322661
abrown@mdbbe.com
40 North Pennsylvania Ave., Suite 410
Greensburg, PA 15601
(724) 836-4840 (phone)
(724) 836-0532 (facsimile)
*(Attorneys for Defendant)*